107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rosemary ROY, Plaintiff-Appellant,
v.
John AIELLO, Trooper, Connecticut State Police, Troop D,
Danielson, Connecticut, Defendant-Appellee.
 No. 96-7773.
 United States Court of Appeals, Second Circuit.
 Jan. 10, 1997.
 
 1
 APPEARING FOR APPELLANT: Rosemary Roy, pro se, Putnam, Conn.
 
 
 2
 APPEARING FOR APPELLEE: Terrence M. O'Neill, Office of the Conn. Atty. Gen., Hartford, Conn.
 
 
 3
 Before NEWMAN, Chief Judge, McLAUGHLIN, Circuit Judge and SAND,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by appellant pro se and by counsel for appellee.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 6
 Rosemary Roy appeals pro se from the June 3, 1996, judgment of the District Court, dismissing, on motion for summary judgment, her civil rights suit against a Connecticut State Trooper. The suit arose out of an incident in which the Trooper responded to a disorderly person complaint. Upon arriving at the appellant's property, he observed the appellant inside a pick-up truck that was blocking a work crew from the Connecticut Department of Transportation ("DOT"). The crew was endeavoring to enter appellant's property to perform work on a culvert. The work crew informed the Trooper that the appellant had threatened them with bodily harm if they performed any work on her property. They also showed the Trooper a document purporting to authorize their entry onto her property. The document was a ruling by the Connecticut Superior Court denying appellant's request for a preliminary injunction to bar DOT employees from entering upon her property.
 
 
 7
 The appellant's primary claim of false arrest, brought pursuant to 42 U.S.C. § 1983, was properly dismissed on the ground of qualified immunity. Appellant is under the misapprehension that her lawsuit is an opportunity to litigate all aspects of her dispute with DOT about performing work on the culvert on her property. She is mistaken. Her suit against the arresting officer fails for the basic reason that the officer had a reasonable basis to believe that the offense of disorderly conduct was being committed and that the appellant lacked justification to bar the DOT work crew from her property. Though the state court decision concerned the appellant's unsuccessful effort to have a court bar the DOT from entering, that decision, particularly its reference to state statutes authorizing the DOT to remove any obstruction interfering with drainage from a state highway, Conn. Gen.Stat. § 13a-247, sufficed to give the Trooper a reasonable basis to believe that appellant's obstruction of the work crew was improper. As the State Court made clear, any claim she might have arising out of the way they performed the work could be remedied in a subsequent damage action.
 
 
 8
 Though the arrest caused the appellant inconvenience, this was an inevitable consequence of her decision forceably to bar the work crew from her property.
 
 
 9
 Appellant's remaining claims, based on inapplicable statutes, were also properly dismissed for reasons fully set forth in the District Court's decision. The denials of her motions to amend or to join her case with a pending state court action were well within the Court's discretion.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation